NOT FOR PUBLICATION                                                                      CLOSED
IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELEANOR CAPOGROSSO, | Civ. Docket No. 07-5579 (FSH) |
| Plaintiff, |  |
| v. | **OPINION & ORDER** |
| SUPREME COURT OF NEW JERSEY, et al., | August 6, 2008 |
| Defendants. |  |

This matter is before the Court upon Defendant's Motion to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331. The Court has reviewed the motion on the papers pursuant to Federal Rule of Civil Procedure 78.

I. FACTS

Plaintiff is an attorney appearing pro se in this matter. Plaintiff asserts twenty-two § 1983 claims arising out of five judgments against her in five different cases in New Jersey Superior Court from 2003 to 2007. Plaintiff brings six of her twenty-two claims against the individual judges before whom she appeared.[1] After each of the five adverse decisions recited in

---

[1] The following claims are against judges of the New Jersey Superior Court: Count Four (Judge Gallipoli for perjury); Count Eight (Judge Gallopoli for perjury); Count Twelve (Judge Curran for facilitation of a crime); Count Sixteen (Judge Bariso for extortion); Count Twenty (Judge Fast for perjury); Count Twenty-Two (Judge Fast for interference with Plaintiff's right to Due Process ).

1

Plaintiff's Complaint, Plaintiff filed a complaint against the presiding judge with the New Jersey Advisory Committee of Judicial Conduct ("ACJC").  All of these complaints were dismissed by the ACJC.  Based on the ACJC's dismissal of Plaintiff's complaints, Plaintiff also asserts § 1983 claims against the ACJC for allegedly violating her Due Process rights under the United States Constitution.[2]  In Claim Twenty-Two, Plaintiff brings a facial challenge to New Jersey Court Rule 2:15, which establishes the ACJC as a committee of the New Jersey Supreme Court.  Finally, Plaintiff brings five Claims seeking attorney's fees arising from the wrongdoing alleged in the complaint.[3]

## II. STANDARD

To survive a Rule 12(b)(6) Motion to Dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955,

---

[2]  In Claims Two, Six, Ten, Fourteen and Eighteen, Plaintiff alleges that by improperly dismissing her complaints against the judges, the ACJC "acted outside the color of state law in violation of 42 U.S.C. [§] 1983."  Amended Complaint ("Am. Compl.") ¶¶ 58, 176, 245, 318, 365.  In Claims Three, Seven, Eleven, Fifteen and Nineteen, Plaintiff claims that the ACJC's decisions to dismiss her complaints "w[ere] arbitrary and capricious in violation of the Fourteenth Amendment of the United States Constitution."  Id. at ¶¶ 92, 194, 263, 332, 374.  "[P]laintiff's . . . claim[s] seeking relief directly under the Fourteenth Amendment, if meritorious, 'can be sufficiently vindicated by an action under 42 U.S.C. § 1983 and there is no need or right to assert a cause of action directly under the Constitution.'  Thus, the Court's decision on [P]laintiff's claims in Counts [Two, Six, Ten, Fourteen and Eighteen] will be dispositive of [P]laintiff's [claims in] Count[s Three, Seven, Eleven, Fifteen and Nineteen]."  Moiles v. Marple Newtown School Dist., No. 01-4526, 2002 WL 1964393, at *3 (E.D. Pa. August 23, 2002).

[3]  In Claims Five, Nine, Thirteen, Seventeen, and Twenty-One Plaintiff seeks attorneys' fees that she incurred as a result of the wrongdoing alleged in Claims Two, Three, Four, Six, Seven, Eight, Ten, Eleven, Twelve, Fourteen, Fifteen, Sixteen, Eighteen, Nineteen, and Twenty.

1965 (2007).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions".  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  As the Third Circuit has explained "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [however] a plaintiff's . . . obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny,  515 F.3d 224, 231 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1964-65).  In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based on those documents.  Pension Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. ANALYSIS

*A. Criminal Claims*

Plaintiff's complaint contains five claims against individual judges of the New Jersey Superior Court, in which Plaintiff alleges that the judges committed various criminal offenses. Plaintiff claims Judge Gallipoli committed perjury in the course of two different cases (Claims Four and Eight), Judge Curran facilitated the commission of a crime (Claim Twelve), Judge Bariso committed extortion (Claim Sixteen), and Judge Fast committed perjury (Claim Twenty).

The Court dismisses the claims brought against Judges Gallipoli, Curren, Bariso, and Fast under the doctrine of judicial immunity.  Judges acting in their judicial capacity are absolutely

immune from suit in their individual and official capacities. Carroway v. New Jersey, No. 06-0614, 2006 WL 1373153, at *4 (D.N.J. May 17, 2006) (citing Mireless v. Waco, 502 U.S. 9 (1991)). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireless, 502 U.S. at 11. "[J]udicial immunity can be overcome only for actions not taken in a judicial capacity, or for actions taken in a complete absence of all jurisdiction." Carroway, 2006 WL 1373153, at *4 (citing Mireless, 502 U.S. at 11-12); see also Gallas v. Supreme Court of Penn., 211 F.3d 760, 768-69 (3d Cir. 2000) ("the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Further, "[a]llegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity." Carroway, 2006 WL 1373153, at *4 (citing Forrester v. White, 484 U.S. 219, 227 (1988)). Claims Four, Eight, Twelve, Sixteen, and Twenty arise from decisions the individual judges made on the bench, which are actions taken in the judges' judicial capacity even if they were erroneous or improper. Cf. Carley v. Lawrence, 24 Fed. App'x 66, 67 (2d Cir. 2001) ("Plaintiff's claims . . . are based upon orders that [the judge] issued from the bench while presiding over a matter. . . .Such orders qualify as judicial acts."); Johns v. Isman, No. 07-5909, 2008 WL 619148, *3 (D.N.J. Feb. 29, 2008). For this reason, the Court will dismiss claims Four, Eight, Twelve, Sixteen, and Twenty.[4]

---

[4] It is also well settled that an individual cannot compel enforcement of federal or state criminal law in a federal district court. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Diamond v. Charles, 476 U.S. 54, 64 (1986) (same); New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1086 (2d Cir.

*B. Section 1983 Claims*

"Section 1983 provides remedies for deprivations of rights established by the Constitution, including . . . due process under the Fourteenth Amendment." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008). In order to sustain a § 1983 claim, "the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States." Williams v. Marino, No. 08-792, 2008 WL 2247090, at *4 (M.D. Pa. May 30, 2008) (citing Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993)).

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Eleventh Amendment does not explicitly bar suits against a

---

1988) (noting that "federal courts have no jurisdiction to enforce the criminal laws of the states"); Soder v. Chenot, No. 06-1522, 2007 WL 4556670, at *6 (M.D. Pa. Dec. 20, 2007) ("Obviously . . . a private individual plaintiff cannot enforce state criminal laws . . . in this civil action before a federal court."). Consequently, an alleged criminal violation is not a proper basis for a § 1983 claim. See, e.g., Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) ("At argument, [plaintiff's] counsel suggested that [plaintiff] had an enforceable right as a member of the public at large and as a victim to have the defendants criminally prosecuted. He further urged that such a right was protected by the equal protection clause of the fourteenth amendment. There is, of course, no such constitutional right. . . ."); Soder, 2007 WL 4556670, at *6 ("[Plaintiff]'s references to state-law torts and criminal statutes do not provide the basis for a proper § 1983 claim."); Thomas v. U.S. Bureau of Prisons, No. 06-063, 2007 WL 2788650, at *11 (D. Colo. Sept. 21, 2007) (noting that "[n]either do the federal or state criminal statutes cited by Mr. Thomas provide for a private cause of action" and dismissing § 1983 claim based upon alleged criminal violation).

5

state by its own citizens, the Supreme Court has held that a state is also immune from suits brought by its own citizens.  See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  Although the Eleventh Amendment only refers to actions "against one of the United States," "[i]t has long been settled that the [Amendment] encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  "As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute."[5]  Carroway, 2006 WL 1373153, at *3 (citing Edelman, 415 U.S. at 663).  In enacting § 1983, Congress did not abrogate states' Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332, 342 (1979).

Plaintiff alleges that the ACJC, ACJC Disciplinary Counsel Candace Moody, and ACJC Director John Tonelli violated her Due Process rights under the Fourteenth Amendment by dismissing her complaints against the four judges of New Jersey Superior Court.  Plaintiff's claims against John Tonelli and Candace Moody are brought against them in their official capacities.  Am. Compl. ¶¶ 5, 7, 8.  In Claims Two, Six, Ten, Fourteen and Eighteen, Plaintiff alleges that by improperly dismissing her complaints, the ACJC Defendants "acted outside the color of state law in violation of 42 U.S.C. [§] 1983."[6]  Am. Compl. ¶¶ 58, 176, 245, 318, 365.

---

[5] There is an exception to Eleventh Amendment immunity when Plaintiff seeks prospective injunctive or declaratory relief for an ongoing violation of federal law, rather than monetary damages.  See Ex Parte Young, 209 U.S. 123 (1908).  The Ex Parte Young exception is not applicable to Plaintiff's actions for retrospective damages.

[6] For the reasons stated in footnote 2, supra, these claims are identical to Claims Three, Seven, Eleven, Fifteen and Nineteen and the Court's analysis of Claims Two, Six, Ten,

A court in this district has found that the ACJC and members of the ACJC sued in their official capacities are entitled to Eleventh Amendment immunity.  See Hunter v. Supreme Court, 951 F. Supp. 1161, 1177-78 (D.N.J. 1996) ("The ACJC is also entitled to Eleventh Amendment immunity."), aff'd, 118 F.3d 1575 (3d Cir. 1997); see also, e.g., Joynes v. Meconi, 2006 WL 2819762, at *5 (D. Del. 2006) (relying on Hunter and finding that an ad hoc committee of the state supreme court was entitled to Eleventh Amendment immunity); Gencarelli v. Superior Court of N.J., No. 04-3332, 2005 WL 1490590, at *3 (D.N.J. June 22, 2005) (citing Hunter and finding that county probations offices are entitled to Eleventh Amendment immunity as judicial employees funded by the state); Johnson v. New Jersey, 869 F. Supp. 289, 296 (D.N.J. 1994) ("[T]he Court finds that the Administrative Office of the Courts can cloak itself in the state's sovereign immunity under the Eleventh Amendment.").  In Hunter the court noted the Third Circuit's instruction that "although no single . . . factor is dispositive [to determining Eleventh Amendment immunity], the most important is whether any judgment would be paid from the state treasury." Hunter, 951 F. Supp. at 1177 (quoting Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir.) (en banc), cert. denied, 493 U.S. 850 (1989)).  The court then concluded that the ACJC and its members in their official capacity are entitled to Eleventh Amendment immunity "[b]ecause the ACJC is a committee of the Supreme Court, [and] the State of New Jersey would be responsible for any damage award against the ACJC." Hunter, 951 F. Supp. at 1177, 1178.  Because the ACJC and members of the ACJC in their official capacities are entitled to Eleventh Amendment Immunity, the Court will grant Defendants' motion to dismiss claims Two, Three, Six, Seven, Ten, Eleven, Fourteen, Fifteen, Eighteen and Nineteen.

---

Fourteen and Eighteen also applies to those claims.

In Claim Twenty-Two, Plaintiff alleges that Judge Fast improperly influenced Judge Iglesias in violation of Plaintiff's Due Process rights under the Fourteenth Amendment. Plaintiff alleges that her attorney saw Judge Fast enter Judge Iglesias' chambers prior to Plaintiff's appearance before Judge Iglesias, and that Judge Iglesias' subsequent decision against Plaintiff gives rise to an implication that Judge Fast improperly "exert[ed] his influence on Judge Iglesias' decision." Am. Compl. ¶ 432.

Plaintiff's conclusory allegations fail to state a § 1983 claim against Judge Fast. Plaintiff asks the Court to infer Judge Fast's allegedly improper conduct based only on Judge Iglesias' unfavorable decision. As the Tenth Circuit has held, however, "[a] conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and the substance of which were not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990). Plaintiff's allegation of an otherwise innocuous meeting between colleagues is an insufficient statement of a § 1983 claim. See Phillips, 515 F.3d at 231 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [however] a plaintiff's . . . obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting Twombly, 127 S.Ct. at 1964-65)).

Relatedly, it is clear that the basis for Plaintiff's claim is her disagreement with Judge Iglesias' decision in her case, an act for which Judge Iglesias is immune. See Carroway, 2006 WL 1373153, at *3 (citing Mireless v. Waco, 502 U.S. 9 (1991)). "Plaintiff . . . cannot overcome judicial immunity by making conclusory allegations of a conspiracy by judges and claiming the

8

need for discovery to prove such bald allegations." Schwartz v. Snohomish County, No. 05-732, 2006 WL 692024, at *5 (W.D. Wash. March 17, 2006); see also Mireles, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."). Permitting the Plaintiff's § 1983 claim to proceed would provide Plaintiff with a means to circumvent judicial immunity. Because Plaintiff has failed to state a § 1983 claim against Judge Fast in Claim Twenty-Two, the Court will grant Defendants' motion to dismiss that claim.

*C. Facial challenge to N.J. CT. R. 2:15*

In Claim One, Plaintiff challenges New Jersey Court Rule § 2:15. Plaintiff alleges that the New Jersey Supreme Court has "given unbridled discretion to the Advisory Committee of Judicial Conduct to determine which allegations of a complaint are without merit and dismiss them", Am. Compl. ¶ 21, in violation of the New Jersey state constitution. See Am. Comp. ¶¶ 21-24 (The "Supreme Court has abrogated its constitutional responsibility [under Article 6, Sec. 2 of the New Jersey constitution] by giving a constitutional obligation to an organization that is not subject to review or oversight."). Plaintiff seeks declaratory relief that New Jersey Court Rule § 2:15 is unconstitutional under the New Jersey constitution and that complaints to the ACJC should be made public. Am. Compl. at 57 ¶ 3.

Plaintiff's Complaint states that each of her claims is brought under § 1983, see Am. Compl. ¶ 13 ("This action is being brought pursuant to 42 U.S.C. Sec. 1983. . . ."), and she asserts that this Court has federal question jurisdiction over each of her claims, see id. ¶¶ 1 ("The jurisdiction of this Court is based upon 28 U.S.C. § 1331."). To the extent Plaintiff's facial challenge to New Jersey Court Rule 2:15 is brought under § 1983, her claim must fail because it

does not allege a deprivation of a "right[], privilege[] or immunit[y] secured by the law or the Constitution of the United States." Williams, 2008 WL 2247090, at *4. Rather, Plaintiff's complaint alleges only that New Jersey Court Rule 2:15 amounts to an "abrogation" of the New Jersey Supreme Court's duty under the New Jersey state constitution. "[A] claimed violation of a state constitutional right is not cognizable under § 1983."[7] Radvansky v. City of Olmsted Falls, 395 F.3d 291, 314 (6th Cir. 2005) (collecting cases). Because Claim One is not cognizable in a § 1983 claim, the Court will grant Defendants' motion to dismiss that claim.[8]

## IV. ORDER

**ACCORDINGLY** it is this 6th day of August, 2008, hereby

**ORDERED** that Defendants' motion to dismiss Plaintiff's complaint against the New

---

[7] For the first time in her opposition brief, Plaintiff suggests that Claim One of her Complaint alleges a violation of her federal constitutional right to Due Process under the Fourteenth Amendment. Although elsewhere in Plaintiff's complaint she specifically invokes the Fourteenth Amendment, she does not do so in Claim One. Plaintiff identifies the New Jersey constitution as the sole basis for her first claim. See Am. Compl. ¶¶ 15-24.

Nevertheless, even if Plaintiff's Complaint did allege a violation of her Due Process rights under the Fourteenth Amendment, the Court would still dismiss Claim One. Plaintiff provides no case law to support her assertion that the New Jersey Supreme Court's delegation of administrative responsibilities to the AJCJ under New Jersey Court Rule 2:15 violates her Due Process rights under the United States Constitution. Nor does Plaintiff provide any basis for her allegation that the ACJC "shrouds the deliberative process under a veil of secrecy which enables capricious and ad hoc decision making", see Opp. at 11, other than her disagreement with the outcome of her complaints. This an insufficient basis upon which to premise an § 1983 claim. See Phillips, 515 F.3d at 231 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [however] a plaintiff's . . . obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting Twombly, 127 S.Ct. at 1964-65)).

[8] Because the Court has granted Defendants' motion to dismiss each of Plaintiff's substantive claims, the Court will also dismiss Plaintiff's claims for attorney's fees – Claims Five, Nine, Thirteen, Seventeen, and Twenty-One.

Jersey Supreme Court, Stuart Rabner (as Chief Justice of the New Jersey Supreme Court), the New Jersey Advisory Committee on Judicial Conduct, Candace Moody in her official capacity (as Disciplinary Council to the ACJC), John Tonelli in his official capacity (as the Director of the ACJC), Hon. Maurice J. Gallipoli, Hon. Peter F. Bariso, Hon. Barbara A. Curran, and Hon. Mahlon L. Fast is **GRANTED** and the complaint dismissed in its entirety; and it is further

    **ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**